Patricia Lorene CUSTER, Plaintiff in Error,

v.

The City of OKLAHOMA CITY, Defendant in Error.

No. A–16204.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Wayne Hagle, Asst. Public Defender, for plaintiff in error.

Ron Collier, Asst. Municipal Counselor, for defendant in error.

BUSSEY, Presiding Judge:

Patricia Lorene Custer, hereinafter referred to as defendant, was charged, tried and convicted in the Municipal Court of Oklahoma City for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor; her punishment was set at thirty (30) days imprisonment and to pay a fine of One Hundred ($100.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence and stipulations at the trial revealed that on April 5, 1969, James Oglesby and Skip Ball were travelling on North 39th Expressway in Oklahoma City. They observed a car cross the highway in front of them at a high rate of speed, narrowly missing their car. The car crossed the center median and proceeded east in the west-bound lane. The car weaved from lane to lane before turning into a service station lot where it struck a parked pickup. It came back onto the road and subsequently struck a highway sign and stopped in the center of the median. The defendant was identified as the driver of the car.

Officer Cline arrived at the scene at approximately 1:50 a.m. The defendant was seated under the steering wheel of the automobile. He asked her to step from the car and observed that she was slightly off balance and staggered as she walked. The officer smelled a strong odor of alcohol about her person and noted that her speech was slurred. He testified that she was, in his opinion, very intoxicated. The defendant was placed under arrest and transported to the city jail. A Breathalyzer Test was administered to defendant by Sergeant Liles.

The parties stipulated that Sergeant Liles would testify that he administered a Breathalyzer Test to the defendant according to the standards set down by the Oklahoma Board of Chemical Tests. The test result was .15 percent.

Sergeant Coffia, the supervisor for chemical tests of the Oklahoma City Police Department, testified that Sergeant Liles was a licensed, qualified Breathalyzer operator. He testified that the machine used in administering the test to the defendant was in proper working order at the time of the test.

The defendant testified that she was enroute to assist a friend making an inventory of a business which had been robbed.

As she was approaching 39th Street, she noticed that she could not stop the vehicle. She attempted to turn off the ignition, but found that it locked the steering wheel, so she turned the ignition back on. She put on her emergency brake, but to no avail. The car fishtailed out of control, striking the pickup truck and the highway sign and eventually stopped. She testified that she had consumed one drink and was in good condition when she left her home.

Jack Key testified that the defendant's car was towed to his body shop on April 11, 1969. He observed that the throttle valves in the automobile were open, which would indicate the car was going at a high rate of speed.

This cause was lodged in this Court on June 29, 1970. The brief of the defendant was due to be filed by October 25, 1970; however, no brief was filed, nor an extension of time in which to file a brief, requested. Therefore, on January 22, 1971, by order of this Court, the cause was summarily submitted for opinion in accordance with the rules of this Court.

This Court has consistently held that where the defendant appeals from a judgment of conviction and no briefs are filed in support of the Petition in Error, this Court will examine the records only for fundamental error. If none appears of record, the judgment will be affirmed. Enoch v. Oklahoma City, Okl.Cr., 444 P.2d 856.

This Court has carefully examined the record and reviewed the testimony and Petition in Error in the instant case, and finds no fundamental error. The record discloses that the defendant was afforded a fair and impartial trial and the evidence was sufficient to support the verdict of the jury. There being no apparent error in the record on appeal, it is the opinion of this Court that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.